**Leroy LEVIEN, Appellant,**

v.

**Arthur G. RUMMEL et al., Appellees.**

**No. 12595.**

Court of Civil Appeals of Texas, Austin.

July 13, 1977.

Rehearing Denied Aug. 10, 1977.

Robert J. Kuhn, Kuhn, Collins & Rash, Austin, for appellant.

Richard T. Halpain, Hart & Halpain, La Grange, for appellees.

PHILLIPS, Chief Justice.

Appellees, the heirs of Edgar Rummel brought this suit in the court below against appellant, Leroy Levien, formerly administrator of Rummel's estate, to recover the value of a silver bar alleged to be part of the estate of the deceased. With permission of the court appellees filed a trial amendment to recover the bar itself. Appellees also sought damages against appellant under the provisions of Tex.Prob.Code Ann. § 414 (1956).

The case was tried to a jury, and after both parties had rested, the court withdrew the case from the jury and instructed a verdict for appellees herein awarding them full title to and possession of the silver bar. The court also denied appellees any damages under Section 414 of the Probate Code.

We affirm this judgment.

The facts necessary to the disposition of this case are as follows. Appellant agreed to act as administrator of Edgar Rummel's estate. Compensation for appellant's duties was not agreed upon until after appellant had begun performance of his duties. At the close of the administration, each of the appellees executed an instrument supposedly showing that each had received his portion of the estate and allegedly releasing appellant, the court and appellant's bondsman from liability.

It is undisputed that the deceased owned the silver bar at the time of his death. However, it was not included in the inventory and appraisement nor was it included in the final accounting. At the time of trial the silver bar was deposited in the registry of the court.

The record disclosed that all parties hereto were aware of the existence of the silver bar. Why the heirs signed the release which they knew or should have known did not include the bar and why appellant failed to include the bar in the inventory are matters of conjecture.

■ Nevertheless, when appellees brought suit against appellant alleging that he had converted the bar to his own use, appellant countered by asserting that appellees had agreed to include the bar as payment for his services to the estate. At trial, appellant admitted that there was no such agreement; however, he apparently maintains, under some theory as yet to us unclear, that the court should have awarded title and possession of the bar to him.

We cannot agree. Under Section 37 of the Probate Code, the legal title to the silver bar vested in Edgar Rummel's heirs at the instant of death. The release appellees signed, at most, was directed toward whatever liability appellant and his bondsman may have incurred by virtue of their respective obligations under the administration. The releases in no way affected appellees' title in the bar.

**36**

Appellees have a cross-point, which we overrule, complaining of the trial court's denying them damages against appellant under Section 414 of the Probate Code.

Section 414 provides that personal representatives of estates, under certain circumstances, may be made liable for special damages should they fail to deliver property of the estate to the person entitled to it.

In our judgment the trial court was correct in refusing to grant damages to appellees under this section for at least two reasons. First, the statute contemplates that a court must have *ordered* delivery before any liability may be incurred for neglecting to deliver any portion of the estate or funds or monies due thereunder. This was not the case here.

Secondly, at a hearing held to recover damages under the section, the court must find that the representative is guilty of the neglect charged. We have no such finding here.

The judgment of the trial court is in all things affirmed.